UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                                            :
MATTHEW TOMASEK,                            :     CASE NO. 1:13-CV-00006.
                                            :
        Plaintiff,                         :
                                            :
  v.                                        :     OPINION & ORDER
                                            :     [Resolving Docs. 62, 68, 77, 78, 79,
                                            :     and 82]
CITY OF CLEVELAND, *et al*,                 :
                                            :
        Defendants.                        :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Section 1983 action, Plaintiff Matthew Tomasek moves for partial summary judgment.[1] Defendants Officers Antonia Montijo and Ronald Myers, Jr. cross-move for summary judgment.[2] For the reasons that follow, the Court **DENIES** Plaintiff Tomasek's partial motion for summary judgment and **DENIES** Defendants' motion for summary judgment.

**I. Factual Background**

On June 23, 2010 at 5:15 p.m., Cleveland Police Officers Antonia Montijo and Ronald J. Myers, Jr. were dispatched to 1153 Buhrer Avenue in Cleveland, Ohio in response to a report that two males were fighting.[3] When they arrived, Myers observed a juvenile, William Sampson, Jr., standing in the street with a 2x4 board in his hand.[4]

---

[1] Doc. 62.
[2] Doc. 68.
[3] Doc. 63 at 25-26; Doc. 64 at 16.
[4] Doc. 64 at 18.

Case No. 1:13-cv-00006
Gwin, J.

Officers Montijo and Myers spoke with Sampson and Sampson's mother.[5] Sampson told the officers that he had an argument with Tomasek about a bicycle that Tomasek owned and lent to Sampson.[6] According to Sampson, Tomasek had pushed him off a bicycle.[7] Sampson told Officers Montijo and Myers that Tomasek was at 1128 Buhrer Avenue near the garage Tomasek was living in.[8] Sampson did not request that the officers arrest Tomasek.[9]

After speaking with Sampson, Officers Montijo and Myers walked to the unattached garage. Officer Montijo stayed in front of the garage while Officer Myers searched behind the garage.[10] Tomasek generally alleges that Officer Myers beat Tomasek behind the garage.[11]

After going to the rear of the garage, Myers says he found Tomasek hiding in the bushes between a fence and the garage.[12] Myers handcuffed Tomasek and walked him to the front of the garage.[13] Officers Montijo and Myers say that Tomasek committed no crime in front of them.[14] Tomasek says Myers assaulted Tomasek behind the garage.[15]

As Myers walked Tomasek to the front of the garage, Montijo noted that Tomasek had a bruised eye.[16] Tomasek yelled that the police had assaulted him.[17] Sampson testifies that

---

[5]Doc. 63 at 28, 33; Doc. 64 at 21.
[6]Doc. 64 at 21-22; Doc. 66.
[7]Doc. 66.
[8]Doc. 63 at 31; Doc. 64 at 23.
[9]Doc. 64 at 23.
[10]Doc. 63 at 36.
[11]*See generally* Doc. 1; Doc. 77-5.
[12]Doc. 64 at 29.
[13]Doc. 63 at 37.
[14]Doc. 63 at 41; Doc. 64 at 25.
[15]Doc. 77-5 at 49.
[16]Doc. 63 at 40.
[17]Doc. 64 at 34.

-2-

Case No. 1:13-cv-00006
Gwin, J.

Tomasek's eye was unharmed before the police arrived.[18] Sampson denied striking Tomasek with the board during Sampson's fight with Tomasek and Tomasek denied being struck with it.[19]

Officers Montijo and Myers transported Tomasek to jail. They then charged Plaintiff Tomasek with disorderly conduct/intoxication.[20] During his incarceration, Tomasek requested medical treatment for his eye.[21]

On June 24, 2011, Tomasek was admitted to Metrohealth Medical Center for injuries to his eye area.[22] Doctors diagnosed Tomasek as having suffered multiple fractures to the left eye socket.[23] As a result of his injuries, Tomasek underwent surgical procedures and had a steel plate implanted in his face.[24]

Repeating, Officers Montijo and Myers charged Tomasek with disorderly conduct/intoxication. On July 29, 2010, all charges were dismissed with prejudice.[25]

## II. Procedural Background

On January 2, 2013 Plaintiff Tomasek brought a Section 1983 action against Police Officer Antonia Montijo and Police Officer Ronald Myers, Jr.[26] Specifically, Plaintiff Tomasek brought claims under 42 U.S.C. § 1983 and § 1985 against Officers Montijo and Myers for assault and battery and excessive force (Count I), false arrest (Count II), illegal search and seizure (Count III),

---

[18] Doc. 66.
[19] Doc. 64 at 60.
[20] Doc. 1 at 4, Doc. 63 at 31-32, 55; Doc. 64 at 35.
[21] Doc. 63 at 59-60; Doc. 64 at 36-37.
[22] Doc. 1 at 5.
[23] Doc. 1 at 5-6, Doc. 63 at 51-52; Doc. 64 at 23.
[24] Doc. 1 at 6.
[25] Doc. 1 at 9, Doc. 63 at 55; Doc. 64 at 53.
[26] Doc. 1.

Case No. 1:13-cv-00006
Gwin, J.

conspiracy (Count IV), a state RICO claim (Count V), and Equal Protection Violations (Count X).[27]

On November 11, 2013, Plaintiff Matthew Tomasek filed a motion for partial summary judgment on his false arrest (Count II) and illegal seizure (Count III) claims.[28] On November 12, 2013, Defendants Officers Antonia Montijo and Ronald Myers, Jr. cross-moved for summary judgment alleging Defendants were entitled to qualified immunity on Plaintiff's false arrest claim.[29] The motions are now ripe for ruling.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[30] The moving party must demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[31] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[32] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[33] But the Court will view the facts and all reasonable inferences from those facts in favor

---

[27]Earlier, Plaintiff Tomasek also brought claims against the City of Cleveland, the Cleveland Police Department, Sergeant Daley, and Chief of Police Michael McGrath for conspiracy, a state RICO claim, a § 1983 failure to train claim, a §1983 custom of federal rights violations claim, an unlawful hiring claim, and a claim titled "Municipal Liability." Plaintiff Tomasek also brought the claims for conspiracy and RICO violations against Police Officer/Booking Officer Santina Brunson, Medical Representative/Agent, and City of Cleveland Transportation Officer/Representative. Plaintiff Tomasek later voluntarily dismissed all claims against Michael McGrath, Police Officer/Booking Officer Santina Brunson, Sergeant Daley and the Medical Representative/Agent, and the City of Cleveland.

[28]Doc. 62.
[29]Doc. 68.
[30]*Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008).
[31]*See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[32]*See* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[33]*Matsushita*, 575 U.S. at 586.

-4-

Case No. 1:13-cv-00006
Gwin, J.

of the non-moving party.[34]

### III. Analysis

**A. Inconsistent Sworn Testimony**

Defendants Montijo and Myers say Tomasek's verified Complaint and deposition testimony are inconsistent and therefore should not be considered in ruling on the motion for summary judgment.[35] First, Defendants say Tomasek said in his verified Complaint that both officers dragged him behind the garage, but in his deposition Tomasek said only Officer Myers assaulted him behind the garage. Second, Defendants say that in his Complaint, Tomasek said that both officers kicked him while he was down, but in his deposition testimony Tomasek said he received one blow from Officer Myers's fist.[36]

The Court finds these alleged inconsistencies have no bearing on the present cross-motions for summary judgment. Both alleged inconsistencies deal with Tomasek's claim for assault and battery rather than his claims for false arrest and illegal seizure, which are the subject of the motions for summary judgment. Thus, the Court will consider on summary judgment Tomasek's verified Complaint and deposition testimony.

**B. Qualified Immunity**

Defendants Montijo and Myers say they are entitled to qualified immunity.[37] Qualified immunity is an affirmative defense against a Section 1983 claim.[38] The doctrine of qualified immunity, "shields 'governmental officials performing discretionary functions . . . from civil

---

[34] *Thomas v. Cohen*, 453 F.3d 657, 600 (6th Cir. 2004).
[35] Doc. 68 at 4.
[36] *Id.* at 3.
[37] *Id.* at 5.
[38] *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir.1996).

Case No. 1:13-cv-00006
Gwin, J.

damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'"[39]

Once a defendant raises this defense, the plaintiff bears the burden of proving that the defendant is not entitled to qualified immunity.[40] In *Saucier v. Katz*, the Supreme Court established a two part test to determine if police officers are entitled to qualified immunity. First, the court must determine if a constitutional violation occurred. Second, a court then must determine whether or not such a constitutional violation was "clearly established."[41] The qualified immunity analysis must be "undertaken in light of the specific context of the case, not as a broad general proposition."[42]

**C. Federal False Arrest**

**1) Constitutional Violation**

Defendants Montijo and Myers say Tomasek's arrest was constitutional because the Fourth Amendment permits warrantless misdemeanor arrests.[43] Plaintiff Tomasek says he was falsely arrested and illegally seized because Office Myers lacked probable cause and a warrant.[44]

"A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff."[45] To determine whether an arrest was supported by probable cause, the Court must decide "whether, at the time of the arrest, the facts and circumstances within [the arresting officer's] knowledge and of which [he] had reasonably trustworthy information

---

[39]*Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 172 (6th Cir.2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

[40]*Smoak v. Hall*, 460 F.3d 768, 778 (6th Cir. 2006).

[41]*Saucier v. Katz*, 533 U.S. 194 (2001).

[42]*Id.* at 201.

[43]Doc. 68 at 5.

[44]Doc. 62 at 4.

[45]*Sykes v. Anderson,* 625 F.3d 294, 305 (6th Cir. 2010) (quoting *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005)).

Case No. 1:13-cv-00006
Gwin, J.

were sufficient to warrant a prudent person to conclude that an individual either had committed or was committing an offense."[46/]

Here Defendants Montijo and Myers arrested Plaintiff Tomasek for disorderly conduct/intoxication.[47/] The Ohio statue provides in relevant part, "No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following . . . Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior . . . Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person."[48/]

However, there is conflicting evidence on whether Officers Montijo and Myers witnessed Tomasek acting drunk and disorderly. Recall, Tomasek was alone and outside his residence when arrested.[49/] In her deposition, Montijo says "[a]t that time I arrested him on a misdemeanor because he was disrupting the peace of the neighborhood. He was intoxicated and he was fighting."[50/] Nothing supports this. Myers arrested Tomasek behind the garage and handcuffed Tomasek behind the garage. Montijo, who was at the front of the garage, was not present when Tomasek was arrested and Montijo had no contact with Tomasek before Myers arrested Tomasek. Montijo has no personal knowledge to support her statement. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."[51/]

---

[46]*United States v. Torres-Ramos*, 536 F.3d 542, 555 (6th Cir. 2008) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

[47]Doc. 63 at 55; Doc. 64 at 35.

[48]OHIO REV.CODE § 2917.11(A)(1)(2). Disorderly conduct is a minor misdemeanor. Under ORC 2935.26, minor misdemeanors are not arrestable offenses unless certain circumstances are present, none of which are applicable here. OHIO REV. CODE § 2935.26. Thus the Court notes that even if the Defendants had probable cause, they were not permitted to arrest Tomasek under Ohio law.

[49]Doc. 64 at 29; Doc. 77-5 at 48.

[50]Doc. 63 at 56.

[51]Fed. R. Evid. 602

-7-

Case No. 1:13-cv-00006
Gwin, J.

Similarly, Officer Myers says that he saw Tomasek while voluntarily intoxicated "screaming and yelling, disrupting the peace and quiet of the city and swearing in front of a lot of neighbors."[52] However, Montijo and Myers both also say in their depositions that Tomasek committed no criminal offense in front of them.[53] Moreover, Tomasek testified he was sitting peacefully behind his garage residence when "That's when the police came around the corner. [] [A]nd the next thing I know, he said 'Put your hands on your head,' I complied to his orders and that's when I got hit by something or somebody. I don't remember. I blacked out at that time. That's when I was struck [by Officer Myers]."[54] Plaintiff Tomasek testified that he and Myers were alone at the time Myers struck him while Tomasek had his hands on his head.[55]

Because there is a material dispute on whether Officers Montijo and Myers had probable cause to arrest Tomasek, Court denies Plaintiff Tomasek's motion for summary judgment on the false arrest claim.

**2) Clearly Established**

Because Plaintiff Tomasek has established that a reasonable jury could find Defendants Montijo and Myers lacked probable cause to arrest him, the Court must now determine if such a finding would indicate that Defendants Montijo and Myers violated a clearly established constitutional right. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[56] Courts look "'first to decisions of the Supreme Court, then to decisions

---

[52]Doc. 64 at 54.
[53]Doc. 63 at 41; Doc. 64 at 25.
[54]Doc. 77-5 at 49.
[55]*Id*.
[56]*Jacob v. Twp. of W. Bloomfield*, 192 F. App'x 330, 333 (6th Cir. 2006) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Case No. 1:13-cv-00006
Gwin, J.

of this Court and other courts within our circuit, and finally to decisions of other circuits' to determine whether the law was clear at the time."[57] Because "[i]t is well established that any arrest without probable cause violates the Fourth Amendment,"[58] Defendants Montijo and Myers are not entitled to qualified immunity on the false arrest claim.

**D) State Law False Arrest**

**1) State Law Violation**

It is unclear whether Plaintiff Tomasek intended to pursue summary judgment on a state law false arrest claim. However, the Court addresses the claim in the interest of thoroughness.

In Ohio, a claim for false arrest requires proof of (1) a detention of the person, and (2) an unlawful detention.[59] It is undisputed that Plaintiff Tomasek was detained when Officers Montijo and Myers arrested him. Thus, Plaintiff's state law false arrest claim turns on whether the detention was unlawful.

Under Ohio law, "an arrest based on probable cause is a lawful detention and, thereby, serves to defeat a false arrest/imprisonment claim."[60] As noted above, there exists a material dispute regarding whether Officers Montijo and Myers had probable cause to arrest Tomasek. However, even if Officers Montijo and Myers did have probable cause, their detention of Tomasek would still be unlawful because disorderly conduct is not an arrestable offense under Ohio law. Ohio Revised Code 2917.11(E)(2) generally classifies disorderly conduct as a minor misdemeanor.[61] Ohio

---

[57] *Id.* at 333-34 (quoting *Daugherty v. Campbell*, 935 F.2d 780, 784 (6th Cir.1991)).
[58] *Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir.2003).
[59] *Id.*
[60] *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 315 (6th Cir. 2005).
[61] OHIO REV.CODE § 2917.11(E)(2). Disorderly conduct can be a misdemeanor in the fourth degree in the following circumstances:
  (a) The offender persists in disorderly conduct after reasonable warning or request to desist.
  (b) The offense is committed in the vicinity of a school or in a school safety zone.

Case No. 1:13-cv-00006
Gwin, J.

Revised Code 2935.26(A), states minor misdemeanors are not arrestable offenses.[62] Therefore, it was unlawful for Officers Montijo and Myers to arrest Tomasek.

**2) Ohio Statutory Immunity**

Because Plaintiff Tomasek can make a claim under Ohio law for false arrest, the Court must now determine if Defendants Montijo and Myers nevertheless are entitled to state statutory immunity.

Ohio provides statutory immunity for its political subdivisions and their employees in civil actions seeking "to recover damages for injury, death or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function" in certain circumstances.[63] Specifically, an employee is immune from liability unless his actions were "with malicious purpose, in bad faith, or in a wanton or reckless manner."[64] Malice may be inferred from proof of lack of probable cause.[65]

Since there is a material dispute as to whether Montijo and Myers had probable cause, there is also a genuine issue of material fact as to whether Officers Montijo and Myers acted with malicious purpose. As such, the Court cannot find Montijo and Myers immune under Ohio Revised Code 2744.03.[66]

---

(c) The offense is committed in the presence of any law enforcement officer, firefighter, rescuer, medical person, emergency medical services person, or other authorized person who is engaged in the person's duties at the scene of a fire, accident, disaster, riot, or emergency of any kind.
(d) The offense is committed in the presence of any emergency facility person who is engaged in the person's duties in an emergency facility. *Id.* at (E)(3).

[62] OHIO REV. CODE § 2935.26(A).
[63] OHIO REV. CODE § 2744.03.
[64] *Id.*
[65] *Melanowski v. Judy*, 102 Ohio St. 153, 155, 131 N.E. 360 (1921).
[66] *Kaylor v. Rankin*, 356 F. Supp. 2d 839, 853 (N.D. Ohio 2005).

Case No. 1:13-cv-00006
Gwin, J.

**E. Illegal Seizure**

**1). Constitutional Violation**

The Fourth Amendment states "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."[67] Generally, police officers may arrest suspects in public without a warrant for misdemeanors when an officer has probable cause to believe the offense was committed in his or her presence.[68] However, an officer may not arrest a suspect in the suspect's home or curtilage without a warrant, consent to enter, or exigent circumstances.[69]

**i. Whether the arrest took place in the suspect's home**

In this case, Officer Myers arrested Plaintiff Tomasek in the yard behind the garage where Tomasek was living in.[70] Thus, the Court must examine whether the yard behind the garage Tomasek was living in constitutes curtilage.

In *United States v. Dunn,* the Supreme Court set out four factors courts should use to determine whether an area constitutes curtilage for purposes of Fourth Amendment protection.[71] These factors are: "'[1] the proximity of the area claimed to be curtilage to the home, [2] whether the area is included within an enclosure surrounding the home, [3] the nature of the uses to which the area is put, and [4] the steps taken by the resident to protect the area from observation by people

---

[67] U.S. CONST. amend. IV.

[68] *Atwater v. City of Lago Vista,* 532 U.S. 318, 354 (2001). The Court in *Atwater* said "[w]e need not, and thus do not, speculate whether the Fourth Amendment entails an 'in the presence' requirement for purposes of misdemeanor arrests." *Id.* at 340 n.11.

[69] *United States v. Dunn*, 480 U.S. 294, 300 (1987); *Payton v. New York*, 445 U.S. 573, 588–89, 590 (1980).

[70] Defendants say that there is no evidence that Tomasek was arrested on property he lived in or resided near. Doc. 82 at 2. However, Defendants Montijo and Myers specifically state in their deposition that Tomasek was living in the garage. Doc. 63 at 31; Doc. 64 at 23.

[71] 480 U.S. 294 (1987).

-11-

Case No. 1:13-cv-00006
Gwin, J.

passing.'"[72]

Consulting these four factors, the Court finds there is a material dispute whether or not the yard near the garage constitutes curtilage. The yard is located directly behind the garage Tomasek was living in and at least partially enclosed by a fence and overgrown bushes.[73] However, it is unclear to what use the area is put and what steps Tomasek took to protect the area from observation by people passing. Because there is a material dispute as to whether the yard is curtilage, Plaintiff Tomasek's motion for summary judgment on the illegal seizure claim is denied.

**ii. Whether there was exigent circumstances**

Assuming the yard is curtilage, Defendants Montijo and Myers say that exigent circumstances existed to justify their entry without a warrant there had been "an alleged assault by plaintiff on a minor child."[74]

The Sixth Circuit has identified specific exigent circumstances during which a warrant is not needed for entry into a home: 1) during hot pursuit of a fleeing felon; 2) where there is the danger of imminent destruction of evidence; 3) where there is the need to prevent a suspect's escape; and 4) where there is a risk of danger to the police or others.[75] The Supreme Court has emphasized that "exceptions to the warrant requirement are few in number and carefully delineated, and that the police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests."[76] The Supreme Court expressed "hesitation in finding exigent circumstances, especially when warrantless arrests in the home are at issue" and when the underlying

---

[72] *Id.* at 301.
[73] Doc. 64 at 29.
[74] Doc. 77 at 7.
[75] *United States v. McClain*, 430 F.3d 299, 304 (6th Cir.2005).
[76] *Welsh v. Wisconsin*, 466 U.S. 740, 749–50 (1984) (internal quotations and citations omitted).

-12-

Case No. 1:13-cv-00006
Gwin, J.

offense is "relatively minor."[77]

Here the exigent circumstances exception does not apply. Plaintiff Tomasek was only suspected of committing misdemeanor offenses. Sampson told Montijo and Myers that all Tomasek had done was push him off a bicycle.[78] Further, Sampson did not ask that Tomasek be arrested,[79] and Officers Montijo and Myers admit that Tomasek committed no crime in front of them.[80]

**2). Clearly Established**

Because Plaintiff Tomasek has established that a reasonable jury could find that the yard he was arrested in was curtilage, the Court must now determine if such a finding would indicate that Defendants Montijo and Myers violated a clearly established constitutional right. The Sixth Circuit has previously held that the Supreme Court cases "*Payton* and *Atwater,* taken together, clearly establish that warrantless in-home arrests for misdemeanor offenses absent consent or exigency violate the Fourth Amendment."[81] Given the well-established case law discussed above equating curtilage to the home,[82] the constitutional violation of a warrantless misdemeanor arrest was clearly established at the time of the incident. Therefore, Defendants Montijo and Myers are not entitled to qualified immunity.

**3). Continuing Seizure**

Plaintiff Tomasek says "from the time he was handcuffed until the time he was discharged from the criminal case that charged him with disorderly conduct intoxication" he suffered a

---

[77]*Id.* at 750.
[78]Doc. 66.
[79]Doc. 64 at 22.
[80]Doc. 63 at 41; Doc. 64 at 25.
[81]*Denton v. Rievley*, 353 F. App'x 1, 6 (6th Cir. 2009).
[82]*United States v. Dunn*, 480 U.S. 294, 300-01 (1987).

Case No. 1:13-cv-00006
Gwin, J.

"continuing seizure" in violation of the his Fourth Amendment rights.[83]

In *Albright v. Oliver*, Justice Ginsberg stated in her concurrence that a constitutional "seizure" may continue until the arrested person is exonerated.[84] The Sixth Circuit has held that a Fourth Amendment seizure "continues throughout the time the person remains in the custody of the arresting officers."[85] However, the Sixth Circuit has "not addressed whether the seizure could continue past this point."[86]

Since the Sixth Circuit has declined to extend the continuing seizure doctrine past the time the arrestee is in the custody of the arresting officers, the Court declines to do so here. As such, the Court holds Tomasek did not suffer a continuing seizure from the time he was arrested until the time all charges were dismissed.

**E. Federal and state conspiracy claims and Equal Protection**

Because both parties agree that the claims for federal and state conspiracy as well as Equal Protection should be dismissed, the Court dismisses these claims.

### V. Conclusion

For the reasons above, the Court **DENIES** Plaintiff Tomasek's motion for summary judgment and **DENIES** Defendants' motion for summary judgment.

To summarize, Plaintiff's Tomasek's claims of conspiracy pursuant to 42 U.S.C. § 1983 and § 1985 (Count IV), a state RICO claim (Count V), and Equal Protection Violations (Count X) against Officers Montijo and Myers are dismissed.

---

[83] Doc. 62 at 8-9.
[84] *Albright v. Oliver*, 510 U.S. 277, 278-279 (Ginsburg, J., concurring).
[85] *Johnson v. City of Cincinnati*, 310 F.3d 484, 492 (6th Cir. 2002) (quoting *McDowell v. Rogers*, 863 F.2d 1302, 1306 (6th Cir. 1988)).
[86] *Id.* at 492.

-14-

Case No. 1:13-cv-00006
Gwin, J.

Defendants Montijo and Myers are not entitled to qualified immunity on Plaintiff Tomasek's false arrest or illegal seizure claims, and Plaintiff Tomasek is not entitled to summary judgment on his false arrest or illegal seizure claims.

IT IS SO ORDERED


Dated: January 30, 2014                                    s/         *James S. Gwin*
                                                                       JAMES S. GWIN
                                                                       UNITED STATES DISTRICT JUDGE